# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **KENDARION JENNINGS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-02323-TLP-atc |
| | ) |
| **EQUIFAX INFORMATION SERVICES LLC,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

Before the Court by Order of Reference[1] is Defendant Equifax Information Services, LLC's ("Equifax") Motion to Dismiss, filed on January 5, 2024. (ECF No. 9.) Plaintiff Kendarion Jennings has not responded. On March 29, 2024, the Court entered a Final Order to Show Cause, ordering Jennings to respond. (ECF No. 13.) Jennings has failed to comply with the March 29th Order—or the Court's earlier Order to Show Cause that required him to respond—and his deadline to do so has passed. As a result, for the reasons set forth below, it is recommended that this case be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## PROPOSED FINDINGS OF FACT

Equifax filed its Motion to Dismiss on January 5, 2024. (ECF No. 9.) Pursuant to Local Rule 12.1(b), a party opposing a motion to dismiss must file a response within twenty-eight days

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

after the motion is served. After including Federal Rule of Civil Procedure 6(d)'s three additional days allowed for service through the mail, Jennings's response to the Motion was originally due on or before February 5, 2024. Jennings failed to respond to the Motion by the February 5th deadline.

When Jennings failed to respond, the Court entered its Order to Show Cause on February 16, 2024 ("First Order"). (ECF No. 12.) The First Order required Jennings to show cause as to why the Motion should not be granted by March 8, 2024, and expressly warned Jennings that failure to respond to the Order or the Motion by March 8th "may result in the Motion being granted and the case being dismissed." (*Id.*)

Jennings again failed to respond. As a result, the Court entered its March 29th Final Order to Show Cause ("Final Order"), which required Jennings to show cause as to why the Motion should not be granted by April 12, 2024. (ECF No. 13.) Jennings was again expressly warned that "[f]ailure to respond to this Order to Show Cause or to respond to the Motion by April 12, 2024, may result in the case being dismissed for failure to prosecute and/or for the reasons set forth in the Motion." (*Id*. at 1.) The Final Order concluded by admonishing that "[t]his is Jennings's final warning and opportunity to respond to the Motion. No further extensions of his response deadline will be permitted." (*Id.* at 1–2.) To date, Jennings has not responded or otherwise taken any action in this case.

## PROPOSED CONCLUSIONS OF LAW

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or court orders. The rule provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction,

improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-cv-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). The Rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

In determining whether to dismiss an action under Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 569–70 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). Ultimately, dismissal under Rule 41(b) is warranted where the plaintiff exhibits a "clear record of delay or contumacious conduct" and "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted). These "'controlling standards should be greatly relaxed' for Rule 41(b) dismissals without prejudice where 'the dismissed party is ultimately not irrevocably deprived of his [or her] day in court.'" *Wilson v. Shelby Cnty. Div. of Corr.*, No. 2:20-cv-02385-TLP-tmp, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)).

3

Evaluating these four factors reveals that dismissal of Jennings's claims is the only appropriate sanction. As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order). Jennings has repeatedly demonstrated a reckless disregard for the effect of his conduct on the proceedings before this Court, first by failing to respond to Equifax's Motion to Dismiss, necessitating the First Order (ECF No. 12); then by failing to respond to the First Order, necessitating the Final Order (ECF No. 13); and lastly by failing to respond to the Final Order. Jennings's failure to prosecute this lawsuit has resulted in multiple delays and disruptions to both this Court and to Equifax and its counsel. Based on Jennings's failure to engage in the fundamental elements of litigation required by the Local and Federal Rules, as well as his disregard of this Court's orders, the first factor is more than satisfied, favoring dismissal.

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). As described above, Equifax suffered prejudice when Jennings failed to respond at all to its Motion to Dismiss, resulting in the filing of the First and Final Orders. *See Lacey v. Wells Fargo, N.A.*, No. 2:14-cv-02091-SHL-tmp, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining that "defendants have suffered prejudice as they have retained counsel and

4

expended the cost of attending the multiple scheduled show cause hearings and scheduling conferences, which Plaintiffs failed to attend"). And then Jennings failed to respond to two separate Orders from the Court, further illustrating a lack of good faith and a waste of this Court's time and Equifax's money and effort. Equifax has been prejudiced by Jennings's conduct, supporting dismissal.

The third factor—prior notice, or the lack thereof—is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor clearly supports dismissal, as Jennings was expressly and unambiguously warned in two different orders that failure to timely respond may result in the dismissal of his case.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Instead, in circumstances such as these, where a plaintiff ignores orders of the Court and fails to prosecute his case, dismissal is appropriate. *See Lee v. Glaxosmithkline, LLC*, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff "failed to comply with several orders of the Court including to respond to an Order to Show Cause"); *Bass v. Leatherwood*, No. 13-cv-2882-JDT-tmp, 2014 WL 1665205, at *2 (W.D. Tenn. Apr. 24, 2014) (finding dismissal under Rule 41(b) appropriate where a plaintiff, inter alia, failed to respond to an order to show cause). Jennings's conduct demonstrates that he has no intention of prosecuting this case, and thus the Court recommends dismissal, rather than a lesser sanction, as all four factors weigh in favor of dismissal.

5

The Court further recommends the dismissal of this case be without prejudice, which "balances the Court's interest in docket management with the public policy interest of deciding cases on their merits." *Muncy*, 110 F. App'x at 556 n.5.  Dismissal without prejudice "is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se." *Clayborn v. Lee*, No. 3:22-cv-00458, 2022 WL 17420375, at *4 (M.D. Tenn. Dec. 5, 2022) (citing *Schafer*, 529 F.3d at 737).

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that this case be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute.

Respectfully submitted this 24th day of May, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.