IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENDARION JENNINGS,            )<br>                                                  )<br>     Plaintiff,                          )<br>                                                  )<br>v.                                              )<br>                                                  )<br>EQUIFAX INFORMATION SERVICES )<br>LLC,                                       )<br>                                                  )<br>     Defendant.                       ) | No. 2:23-cv-02323-TLP-atc<br><br>JURY DEMAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before this Court is a Report and Recommendation ("R&R") from Magistrate Judge Annie T. Christoff ("Judge Christoff") to dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b).  For the reasons below, this Court agrees with Judge Christoff and **ADOPTS** her R&R.

**BACKGROUND AND THE R&R**

In May 2023, Plaintiff sued Defendant pro se and moved to proceed in forma pauperis. (ECF Nos. 1, 2.)  Under Administrative Order No. 2013-05, the Court referred the case to Magistrate Judge Christoff for management of all pretrial matters.  Judge Christoff then screened Plaintiff's complaint to determine whether the Clerk should serve process upon Defendant.  *See* 28 U.S.C. § 1915(e)(2)(B).  In December 2023, after screening the complaint, Judge Christoff directed the Clerk to serve Defendant under Federal Rule of Civil Procedure 4(h).  (ECF No. 7.) On January 4, 2024, Defendant moved to dismiss under Federal Rule of Civil Procedure

12(b)(6).  (ECF No. 9.)  Under LR 12.1(b), Plaintiff had twenty-eight days to respond.  To date, Plaintiff has never responded.

Judge Christoff issued a Show Cause Order on February 16, 2024, directing Plaintiff to respond by March 8, 2024, or explain to the Court why his case should not be dismissed.  (ECF No. 12.)  The Court advised Plaintiff that failure to respond may result in dismissal.  (*Id.* at PageID 91.)  When Plaintiff failed to respond, Judge Christoff issued a second show cause order on March 29, 2024.  (ECF No. 13.)  This order provided Plaintiff with 14 days to respond.  (*Id.* at PageID 92.)

And Judge Christoff warned Plaintiff that no more extensions would be granted.  (*Id.* at PageID 93.)  Again, Plaintiff never responded.  In May 2024, Judge Christoff submitted this R&R, recounting the factual history and the standard for dismissal under Rule 41(b).  (ECF No. 16.)  Her R&R recommends dismissal of this claim without prejudice.  (*Id.* at PageID 99.)  This Court agrees with Judge Christoff's conclusion and her reasoning.  The Court now turns to the legal standard.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, then a district court reviews a R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C).  Judge Christoff entered her R&R on May 24, 2024, and neither party objected.  And the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record and finding no clear error, the Court agrees with Judge Christoff's R&R.  Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order.  And the Supreme Court has recognized a district court's inherent power to dismiss a case sua sponte for failure to prosecute.  *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)).  Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties."  *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four factors, none of which are dispositive: 1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; 3) if the party was warned that failure to respond could lead to dismissal; and 4) if less drastic sanctions were considered.  *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)).  All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court and "is inexcusably unprepared to prosecute the case."  *Shavers*, 516 F. App'x at 570.  And if a court dismisses the action without prejudice, then these factors "should be greatly relaxed" because the dismissed party is not permanently deprived of their day in court.  *Wilson v. Shelby Cnty. Div. of Corr.*, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004)).

Judge Christoff applied these factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) without prejudice.[1]  For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings."  *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737).  Plaintiff here has shown a lack of respect for this Court's rules by failing to respond to Defendant's motion, and by failing to respond to any of the show cause orders.  Plaintiff's failure to prosecute has thus caused multiple delays and disruptions to this Court, to Defendant, and to Defendant's counsel.  So the first factor is satisfied and favors dismissal.  S*ee Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation process).

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide."  *Wright v. City of Germantown, Tenn.*, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570)).  As already described, Defendant has been prejudiced by Plaintiff's conduct here.  Plaintiff's failure to respond has resulted in two show cause orders and delayed the litigation process.  *See Lacey v. Wells Fargo, N.A.*, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining how the defendants suffered prejudice during the show cause process).

The third factor— notice—focuses on whether dismissal is a fair result.  *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).  This

---

[1] Judge Christoff explained that a dismissal without prejudice balances a court's interest in managing its docket with the public policy interest in a case's full adjudication on the merits. *See Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 n.5 (6th Cir. 2004).  (ECF No. 16 at PageID 99.)

factor supports dismissal here because Plaintiff received clear warnings, in two show cause orders, that his failure to respond could result in dismissal. (ECF Nos. 12, 13.) But even with these warnings, Plaintiff took no action to advance his case. Finally, the fourth factor does not require a Court to implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

In fact, if a party ignores court orders and still fails to prosecute his case then dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several Court orders, including a show cause order). Plaintiff's conduct here demonstrates that he has no intention of prosecuting this case. And so Judge Christoff recommended dismissal, rather than a lesser sanction, because the factors favor dismissal. (ECF No. 16 at PageID 98–99.) This Court agrees with her reasoning.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R for clear error and finds none. And so, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 12th day of June, 2024.

                                                  s/Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE